**658**

UNITED STATES of America, Plaintiff,

v.

Richard HAWORTH, et al., Defendants.

No. CR 95–491–LH.

United States District Court,
D. New Mexico.

July 9, 1996.

Elizabeth Martinez and Robert Kimball, U.S. Attorney's Office, District of New Mexico, Albuquerque, NM, for Plaintiff.

Michael V. Davis, Marc H. Robert; Billy R. Blackburn, Paul J. Kennedy; Peter Schoenburg; Serapio L. Jaramillo; Floyd W. Lopez; Edward O. Bustamante; Roberto Albertorio; and E. Justin Pennington, Albuquerque, NM, for Defendants.

## ORDER GRANTING MOTIONS OF DEFENDANTS BARRIOS, GREGORY, IRIZARRY AND URDIALEZ FOR SEVERANCE FROM DEFENDANTS HAWORTH AND SPIVEY

HANSEN, District Judge.

THIS MATTER comes before the Court on Defendant Barrios's Motion for Separate Trial From Death Penalty Defendants (Docket No. 416), Defendant Gregory's Motion for Severance From Co–Defendants Facing the Death Penalty (Docket No. 439) and Second Motion for Severance From Co–Defendants (Docket No. 524), Defendant Irizarry's Motion for Severance From Co–Defendants Facing the Death Penalty (Docket No. 509), and Defendant Urdialez's Motion to Sever Non-death Eligible Defendant Urdialez From Death Eligible Co-defendants. The Court, having considered the memoranda of the parties and issues of judicial economy, finds that these motions are well taken and will be granted. The Court will order that these defendants and Defendant Janice Blue be tried separately from Defendants Haworth and Spivey.[1]

Defendants Barrios, Blue, Gregory, Irizarry and Urdialez (hereinafter collectively referred to as the "Gregory Defendants") in their various motions seek to be tried apart from Defendants Haworth and Spivey who are charged with crimes subject to the death penalty. As grounds, the Gregory Defendants argue: (1) their Fifth and Sixth Amendment rights will be violated if they are tried before a death-qualified jury; (2) trial with Haworth and Spivey may deprive them of Haworth's exculpatory testimony; (3) they will be prejudiced if they are tried with Haworth and Spivey because of the disparity in

---

1. Although Defendant Blue withdrew her joinder in Gregory's motion for severance (Docket Nos. 461 and 604), the Court is ordering her to be tried with Barrios, Gregory, Irizarry and Urdialez for the reasons stated below. The Court has not yet ruled on the severance motions of Defendants Gomez (Docket No. 427) and Haworth (Docket Nos. 501 and 534) or on the joint motion of Defendants Haworth and Spivey for severance at the penalty phase (Docket No. 500).

evidence of culpability against Haworth and Spivey as compared with the evidence against the other defendants; and, (4) severance would promote judicial economy. The Government responds that courts generally prefer joint trials because they tend to promote efficiency and avoid the inequity of inconsistent verdicts. Although the Court does not find the Gregory Defendants' first two arguments to be persuasive, the Court finds their remaining arguments to be compelling.

■ Under Rule 14, the decision whether to grant a motion to sever is within the trial court's discretion. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir.1994). In making its determination, the trial court must weigh the potential prejudice to the defendant against considerations of judicial economy and efficiency. *Id.* In the present case, the Court has carefully considered all relevant factors and concludes that severance will both reduce the risk of prejudice to Defendants and facilitate judicial economy.

Of 34 counts, the Second Superseding Indictment charges the Gregory Defendants with a total of only five counts among them—racketeering enterprise, racketeering conspiracy, marijuana conspiracy, and two counts of possession of marijuana with intent to distribute.[2] By contrast, the indictment charges Haworth and Spivey with 24 and 20 counts, respectively, including counts for continuing criminal enterprise, murder, attempted murder, arson, forfeiture of property, and several counts charging various firearm offenses. Defendant Gomez is charged with six counts, including conspiracy to kidnap, kidnaping, and a firearm offense. Within the various counts, the indictment charges the Gregory Defendants with a total of six racketeering acts for conspiracy to distribute marijuana and distribution of marijuana,[3] as compared with Haworth and Spivey, each of whom is charged with 12 racketeering acts (including three murders between them), and Gomez, who is charged with nine racketeering acts. Similarly, the indictment charges

the Gregory Defendants with a total of 17 overt acts in connection with the marijuana conspiracy, and none is individually charged with more than seven overt acts, while Haworth, Spivey and Gomez are charged with 34, 44, and 12 overt acts, respectively. It thus appears that there will be far more evidence of considerably more violent activity to present against Haworth, Spivey and Gomez than there will be to present against the Gregory Defendants.

A joint trial will more likely result in prejudice to the Gregory Defendants, who are charged only with drug crimes, given the volume of evidence presented on the violent crimes charged against Haworth, Spivey and Gomez. It is questionable whether a jury would be able realistically to compartmentalize the disparate evidence with respect to each defendant. *United States v. Sampol*, 636 F.2d 621, 647 (D.C.Cir.1980). *See also* American Bar Assn., STANDARDS FOR CRIMINAL JUSTICE 13–3.1 (2d ed. 1980) (in determining whether to sever defendants, court should consider whether trier of fact can distinguish the evidence and apply the law in light of the offenses charged and complexity of the evidence); R.O. Dawson, *Joint Trials of Defendants in Criminal Cases: An Analysis of Efficiencies and Prejudices*, 77 MICH. L.REV. 1379, 1397–98 (1979) (complexity of joint trial may result in juror confusion).

In addition to the potential prejudice to the Gregory Defendants, the circus-like atmosphere inherent in a joint trial of this nature may well result in prejudice to Defendants Haworth, Spivey and Gomez. In a joint trial, the courtroom must be modified to accommodate a minimum of 33 people, including eight defendants, ten defense attorneys, approximately eight or nine marshals, two to three paralegals, two Government attorneys, and two Government case agents. It would be difficult to conceal the presence of eight or nine marshals, and the many defense counsel and their clients would be compelled to cluster together around a limited number of counsel tables, despite the disparity in their defense strategies. The potential for preju-

---

**2.** Irizarry is charged with only one count, and Gregory, Blue and Barrios are each charged with three counts. Only Urdialez is charged with five counts.

**3.** None of the Gregory Defendants is individually charged with more than three racketeering acts.

dice is apparent. Furthermore, the presence of all of these people in the courtroom diminishes the ability of the Court and the marshals to provide adequate security.

Two separate trials will also facilitate judicial economy. Trying the Gregory Defendants separately from the three other defendants will require the accommodation of no more than 20 people at any given time.[4] This lesser number eases the burden on the Court and its staff and reduces the likelihood that the participants' scheduling conflicts will necessitate continuances. Moreover, given the disparity in evidence, it is clear that in a joint trial of all defendants, the Gregory Defendants will be compelled to sit through a great deal of testimony having only minimal, if any, relevance to them. During such times, the Gregory attorneys (of whom four of five are appointed) will be paid for their time at great expense, despite the marginal necessity for their participation.

In the interests of the defendants' rights to a fair trial and in the interests of judicial economy, the Court will try the defendants in two groups. The first trial will proceed with Defendants Barrios, Blue, Gregory, Irizarry and Urdialez. The second trial will proceed with Defendants Haworth, Spivey and Gomez.

**IT IS, THEREFORE, ORDERED** that Defendant Barrios's Motion for Separate Trial From Death Penalty Defendants (Docket No. 416), Defendant Gregory's Motion for Severance From Co–Defendants Facing the Death Penalty (Docket No. 439) and Second Motion for Severance From Co–Defendants (Docket No. 524), Defendant Irizarry's Motion for Severance From Co–Defendants Facing the Death Penalty (Docket No. 509), and Defendant Urdialez's Motion to Sever Non-death Eligible Defendant Urdialez From Death Eligible Co-defendants are **granted.**

---

4. In a trial of the Gregory Defendants, the Court anticipates having to accommodate 18 to 20 persons, including five defense attorneys, five defendants, one or two paralegals, four marshals, two Government attorneys and one or two case agents. In a trial of the remaining defendants, the Court may reasonably anticipate the presence of 17 to 20, including five defense attorneys, three defendants, one or two paralegals, five or six marshals (because of death-eligible defendants who are in custody), two Government attorneys and one or two case agents.